IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VINH H. NGUYEN,

    Petitioner,

  v.

ANTHONY KANE, Warden,

    Respondent.

No. C 00-4608 CRB (PR)

**MEMORANDUM AND ORDER**

Petitioner Vinh H. Nguyen brings this motion to reopen proceedings and reinstate a petition for writ of habeas corpus pursuant to Federal Rule of Civil Procedure 60(b)(6). On December 7, 2000, petitioner filed a habeas petition in federal court. Petitioner's Mot. Exh. B at 1-10. On June 11, 2001, this Court dismissed the petition without prejudice. Mot. Exh. B at 155. Petitioner then filed the instant motion, which moves this Court to reopen the proceedings and reinstate the petition for writ of habeas corpus on the grounds that extraordinary circumstances justify this equitable relief.

### BACKGROUND

On November 1, 1996, Petitioner Vinh H. Nguyen was convicted of first-degree murder in the State of California, Santa Clara Superior Court. The Sixth District Court of Appeal affirmed the judgment in a decision filed on August 19, 1999. On October 27, 1999, the California Supreme Court summarily denied petition for review. Mot. Exh. B at 151.

Petitioner filed for federal habeas review on December 7, 2000.[1] The petition raised three claims. On April 24, 2001, respondent moved to dismiss on the grounds that petitioner had failed to exhaust state remedies for the first claim. Mot. Exh. B at 15-17. On May 3, 2001, this Court ordered petitioner to respond to the motion to dismiss within thirty days. Mot. Exh. B at 153-54. In its order, the Court informed petitioner that failure to respond to the order would result in dismissal of the entire petition without prejudice. Petitioner not having responded to the Court's May 3 order, the Court dismissed the petition without prejudice on June 11, 2001. Mot. Exh. B at 155.

Petitioner claims that on receiving this Court's May 3 order to respond to the motion to dismiss, petitioner discovered that about 80 percent of his legal papers had been lost by the California Department of Corrections. Mot. Exh. B at 74-78. Petitioner also claims that he wrote and called his appellate lawyer about the issue of unexhausted claims. Mot. Exh. B at 78. Petitioner was told by appellate counsel that all arguments had been joined with his co-defendant, so there was no need to exhaust. Petitioner's appellate counsel now acknowledges that this advice was incorrect. Petitioner's appellate counsel further explains that she did not learn of this mistake until mid-April, 2004. Mot. Exh. B at 158-62. Petitioner claims that the confusion caused by his appellate lawyer's misadvisement was compounded by his limited English language skills. Mot. Exh. B at 79-80.

On December 10, 2001, petitioner filed a state habeas corpus petition in the California Supreme Court raising the previously non-exhausted claim. Mot. Exh. B at 84. On the part of the form that calls for an explanation if the claim was not raised on appeal, petitioner wrote, "Issue was raised at Appellate Level but not at state Supreme Court Level. Appellate Program attorney's made that choice without my knowledge." Mot. Exh. B at 89. Petitioner also acknowledged that he had raised the claim in a petition for habeas relief, which had been

---

[1] Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a defendant has one year from the date of finality in state court to file for federal habeas relief. 28 U.S.C. § 2244(d)(1). Because petitioner did not petition to the United States Supreme Court, the one-year period began to run on January 25, 2000 (90 days after the state supreme court denied his petition for review). See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001); 28 U.S.C. § 2244(d)(1)(A).

2

dismissed without prejudice in June. Mot. Exh. B at 91. On April 17, 2002, the California Supreme Court summarily denied petitioner's state habeas petition. Mot. Exh. B at 156.

Petitioner's family retained current counsel in March 2004. Mot. Exh. B at 81. Petitioner's current counsel pursued investigation, research and analysis to ensure exhaustion and presentation of all potential claims. Mot. Exh. B at 176-77. As a result, on November 18, 2004, petitioner's counsel filed a state habeas corpus petition in the Court of Appeal for the Sixth Appellate District of California. Mot. Exh. A. The petition claimed that petitioner had been deprived of effective assistance of counsel by his appellate lawyer's failure to originally include the unexhausted claim in petitioner's petition for review and by appellate counsel's later misadvisement that the claim had been exhausted. Also on November 18, 2004, petitioner's counsel filed in the same state court a motion to recall the remittitur. Mot. Exh. C. On December 9, 2004, the court summarily denied both the petition and the motion. Mot. Exh. D. On December 22, 2004, petitioner's counsel filed a petition for review in the California Supreme Court. Mot. Exh. E. The petition was summarily denied on March 2, 2005. Mot. Exh. F.

The instant Rule 60(b) motion was filed on June 6, 2005. Petitioner's counsel asserts that she intended to file the instant Rule 60(b) motion in April 2005. She states that she was delayed due to a "clerical error" on her part and because of problems with petitioner's receipt of mail at the prison where petitioner was held in custody. Mot. Exh. A at 3. Petitioner's counsel sent petitioner a corrected substitution of attorney form on May 2, 2005. Petitioner's counsel did not follow up on the matter. Petitioner called counsel on May 23, 2005. During this conversation, petitioner's counsel learned that petitioner had not received the form. After petitioner's counsel complained to the prison's Litigation Coordinator, the substitution of attorney form surfaced and was delivered to petitioner. Mot. Exh. A at 3-4.

//
//
//
//

**DISCUSSION**

**I.     Legal Standard**

Under Federal Rule of Civil Procedure 60(b), "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . [for] any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). The motion must be made "within a reasonable time." Id. In addition, a movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment. See Gonzalez v. Crosby, 125 S.Ct. 2641, 2649 (2005). A district court considering a Rule 60(b) motion will often take into account factors such as "the diligence of the movant, the probable merit of the movant's underlying claims, the opposing party's reliance interests in the finality of the judgment, and other equitable considerations." Id. at 2652.

**II.    Petitioner's Claim of Extraordinary Circumstances Justifying Relief**

Petitioner moves to reopen the proceedings and reinstate the petition for writ of habeas corpus that was dismissed without prejudice on June 11, 2001. Petitioner acknowledges that the passage of four years of time is considerable. Mot. at 7. However, petitioner claims that under the circumstances, the instant motion was filed within a reasonable time. Likewise, petitioner claims that extraordinary circumstances justify reopening the proceedings.

Petitioner claims that his appellate lawyer's failure to exhaust claims at the state level combined with her failure to check the papers filed and her subsequent misadvisement to petitioner constitutes ineffective assistance of counsel. Petitioner further claims that this ineffective assistance of counsel was compounded by the petitioner's lack of access to legal papers and his limited English language skills. Petitioner argues that in totality these facts establish extraordinary circumstances justifying equitable relief.

The Court need not reach whether the circumstances cited by petitioner establish ineffective assistance of counsel. Even assuming that these circumstances constitute "extraordinary circumstances" that prevented petitioner from taking action from June 2001 to

December 2001, these circumstances did not prevent petitioner from taking timely action after the California Supreme Court denied his state habeas petition in April 2002.

Petitioner offers no valid explanation for his two-year delay between April 2002 and March 2004. The asserted ineffective assistance of counsel did not prevent the petitioner from taking timely action during this period. Indeed, petitioner's filing of his state habeas petition on December 10, 2001, and his statements in that petition demonstrate that, despite any misadvisement, petitioner understood both his factual situation and the directions the Court gave him in its May 3 order. See Hamilton v. Newland, 374 F.3d 822, 825 (9th Cir. 2004); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (in equitable tolling context, petitioner "must show that the 'extraordinary circumstances' were the cause of his untimeliness"). In the present case, no extraordinary circumstances justify petitioner's untimeliness. Therefore, petitioner's Rule 60(b) motion was not made "within a reasonable time."

Finally, petitioner also argues relief should be granted because the Court's dismissal without prejudice of petitioner's original habeas petition after the Antiterrorism and Effective Death Penalty Act (AEDPA) grace period had run created an insurmountable procedural obstacle that did not exist on the day of filing the petition. Petitioner cites Rhines v. Weber, 125 S.Ct. 1528 (2005), and argues that instead of dismissal a permissible option would have been to hold petitioner's mixed petition in abeyance. However, at issue in Rhines was merely "whether a federal district court has discretion to stay the mixed petition to allow petitioner to present his unexhausted claims to the state court in the first instance, and then return to federal court for review of his perfected petition." Rhines, 125 S.Ct. at 1531. The Rhines court held that a stay and abeyance may be permissible; but it did not hold that a district court was required to issue a stay, nor did it hold that a district court was required to inform a petitioner of the stay and abeyance procedure. Id. at 1535.

In Pliler v. Ford, 124 S.Ct. 2441, 2446 (2004), the Supreme Court held that a federal district court judge is not required to inform a pro se petitioner what he would have to do to invoke the stay and abeyance procedure. Likewise, the Court in Pliler held that a district

5

court is not required to inform a pro se petitioner that absent equitable tolling his federal claims would be time-barred on his return to federal court. See Pliler, 124 S.Ct. at 2446. The Ninth Circuit followed the Pliler holding in Brambles v. Duncan, 412 F.3d 1066 (9th Cir. 2005). In Brambles, as in the present case, the court gave the petitioner the choice to either dismiss the unexhausted claims only or to dismiss the entire petition without prejudice. See Brambles, 412 F.3d at 1068-69. The Ninth Circuit concluded that the petitioner was not affirmatively misled by the district court. Id. at 1071. The Brambles court noted that "the Supreme Court in Pliler admonished district courts against attempting to explain to pro se litigants these federal habeas procedures, stating that attempting to do so might prove to be misleading." Id. (citing Pliler, 124 S.Ct. at 2446). Therefore, the district court's May 3, 2001 order and June 11, 2001 dismissal without prejudice of petitioner's claims do not constitute extraordinary circumstances that justify reopening the proceedings.[2]

## CONCLUSION

Petitioner is not entitled to reopen the proceeding. Petitioner's Rule 60(b) motion was not made within a reasonable time. See Fed.R.Civ.P. 60(b). In addition, no extraordinary circumstances justify the reopening of the final judgment. Therefore, petitioner's motion is DENIED.

**IT IS SO ORDERED.**

Dated: November 14, 2005

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[2] Furthermore, petitioner is incorrect in asserting that the dismissal without prejudice of petitioner's original habeas petition after the AEDPA grace period had run created an insurmountable procedural obstacle. Petitioner still had the opportunity to establish that the statute of limitations period was equitably tolled. Tolling of the AEDPA's limitations period is permitted when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); Brambles, 412 F.3d at 1069.